NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOREN ALELI OROZCO-DOMINGUEZ; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-126 <br><br> Agency Nos. <br> A201-538-926 <br> A201-538-927 <br> A201-538-928 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2023**

Before:     CANBY, CALLAHAN, and OWENS, Circuit Judges.

Loren Aleli Orozco-Dominguez and her two minor children, natives and

citizens of Guatemala, petition pro se for review of the Board of Immigration

Appeals' order dismissing their appeal from an immigration judge's decision

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

denying their application for asylum, and denying Orozco-Dominguez's applications for withholding of removal and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We deny the petition for review.

Because the opening brief does not challenge the agency's dispositive adverse credibility determination, we do not address it.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).  Thus, we deny the petition for review as to petitioners' asylum claim and Orozco-Dominguez's withholding of removal claim.  In light of this disposition, we need not reach the remaining contentions regarding the merits of the claims.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's denial of Orozco-Dominguez's request for CAT protection because, even if credible, she failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Guatemala.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**